## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AAAG-CALIFORNIA, LCC,<br><br>Plaintiff,<br><br>v.<br><br>ABDUL R. KISANA; JACK METCALF; SPECIALIZED SALES AND LEASING, LLC; and LUXURY AUTO GROUP, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Civil No. 2:20-cv-00026-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This matter is before the court on Plaintiff AAAG California's Motion for a Temporary Restraining Order and Appointment of Receiver (the "Motion"). The court has carefully reviewed the Motion, the Complaint, and the affidavit and exhibits submitted with the Motion. For the following reasons, the Motion is **GRANTED IN PART.**

### FINDINGS OF FACT

1.      Plaintiff AAAG California ("AAAG") operates three auto dealer auction locations in Southern California, including one in Thousand Oaks, California.

2.      Defendant Abdul Kisana is an auto dealer based in Salt Lake City, Utah.

3.      Kisana is the owner of Defendants Specialized Sales Leasing, LLC ("Specialized Leasing") and Luxury Auto Group, LLC ("Luxury Auto"). `

4.      Plaintiff alleges that Defendant Jack Metcalf works as Kisana's agent.

5.      Plaintiff has presented substantial evidence that Defendants purchased 43 vehicles from AAAG and have failed to pay for those vehicles.

6. Plaintiff has presented substantial evidence that, while Defendants made misrepresentations to AAAG, continually promising payment, they were working in secret with one of Plaintiff's employees to steal the title documents for those vehicles so that they could fraudulently resell those vehicles to the public.

7. Plaintiff has presented substantial evidence that Defendants have sold and transferred title to some of AAAG's vehicles to unsuspecting downstream consumers.

8. AAAG filed suit in this court and sought a temporary restraining order on January 15, 2020. *See* Dkt. Nos. 1-4.

9. This court entered the following Docket Text Order on January 16, 2020, at 7:44 AM MST:

> Plaintiff shall promptly serve Defendants with summons, a copy of [the] COMPLAINT and jury demand, and a copy of [the] MOTION for Temporary Restraining Order and Memorandum in Support and Appointment of Receiver. Plaintiff shall notify the court once service has been effectuated. No later than 24 hours after receiving summons, a copy of the complaint, and a copy of the motion for a temporary restraining order, Defendants may file a response to [the] MOTION for Temporary Restraining Order and Memorandum in Support and Appointment of Receiver.

Dkt. No. 13.

10. Plaintiff successfully served Specialized Sales and Leasing on January 17, 2020, at 11:08 AM MST. *See* Dkt. No. 14.

11. The individual who accepted service for Specialized Sales and Leasing appears to be a member of the Utah State Bar.

12. Summons of the remaining three Defendants were returned unexecuted on January 17, 2020. See Dkt. Nos. 15–17.

13. The individual who sought to serve these three Defendants detailed numerous attempts to serve these Defendants, noted various circumstances that he believed suspicious, and concluded that each "SERVEE APPEARS TO BE AVOIDING SERVICE." *Id*.

14. Mr. Sam Mezani has submitted emails to the court representing that he is an attorney for Defendants Kisana and Specialized Sales and Leasing, that he is out of town and may have difficulty responding to Plaintiffs' motion before the week of January 19, 2020, and that his clients would be willing to "agree to hold and not sell or transfer any cars obtained from Plaintiff until further hearing or order of court."

15. None of the Defendants has filed a response to Plaintiff's motion.

**CONCLUSIONS OF LAW**

1. To obtain a temporary restraining order, plaintiff must meet the same standard as for a preliminary injunction. *See Miche Bag, LLC v. Thirty One Gifts LLC*, No. 2:10-CV-781 TS, 2010 WL 3629686, at *1 (D. Utah Sept. 13, 2010). It must establish: "(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the [] injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the [] injunction; and (4) the injunction is not adverse to the public interest." *See Valley Community Preservation Com'n v. Mineta*, 373 F.3d 1078 (10th Cir. 2004); *see also Klein-Becker USA, LLC v. Product Quest Mfg., Inc.*, 429 F. Supp. 2d 1248 (D. Utah 2005).

2. Based on its review of the available evidence and briefing, the Court concludes that Plaintiff has demonstrated a likelihood of success on its claims for breach of contract, fraud, conversion, and/or violation of the Utah Consumer Sales Practices Act. In particular, Plaintiff

3

has presented substantial evidence that Defendants purchased but failed to pay for the vehicles listed in Exhibit A, surreptitiously obtained the titled to these vehicles from Plaintiff's employee without Plaintiff's authorization, and transferred title to some of these vehicles to third parties.

3. Based on the available evidence and briefing, the court concludes that AAAG faces a substantial likelihood of irreparable harm absent a temporary restraining order. In particular, Plaintiff has made a substantial showing that a temporary restraining order enjoining the sale of additional vehicles is necessary to prevent the loss and concealment of AAAG's property. Plaintiff has also made a substantial showing that requiring the preservation of records relating to the vehicles listed in Exhibit A may be necessary to trace Plaintiff's vehicles and unwind unlawful transactions.

4. Based on the available evidence and briefing, the court concludes that the threatened injury to Plaintiff outweighs any injury that Defendants would suffer from the relief granted by this order.

5. Based on the available evidence and briefing, the court concludes that the relief granted by this order is not adverse to the public interest. To the contrary, the court concludes that this relief may serve to protect consumers and to preserve evidence of potentially criminal wrongdoing.

**TEMPORARY RESTRAINING ORDER**

1. For the foregoing reasons, Plaintiff's Motion is **GRANTED IN PART**.

2. Defendants Abdul R. Kisana ("Kisana"), Jack Metcalf ("Metcalf"), Specialized Sales and Leasing, LLC ("Specialized Leasing"), and Luxury Auto Group, LLC ("Luxury

Auto") (collectively "Defendants") are hereby enjoined from selling, transferring, or in any way disposing of any of the vehicles acquired from Plaintiff AAAG-California, LLC, identified by the VIN numbers included in the attached Exhibit A, as well as any and all documentation, communications, and any other evidence concerning these vehicles (including but not limited to any and all title documentation and any and all documentation and communications concerning the transfer, sale, or attempted sale or transfer of any of these vehicles);

3. No later than Tuesday, January 21, 2020, at noon MST, Defendants shall file a response showing cause why:

    a. all assets, capital, tangible property, and documentation in Defendants' possession, custody, or control should not be frozen during the pendency of this Order, and Defendants are hereby enjoined from transferring, selling, or in any way disposing of any and all assets, capital, tangible property, and documentation in their possession, custody, or control during the pendency of this Order, so that all of Defendants' business affairs, assets, capital, tangible property, and documentation will remain in their present state as of the date this Order is entered, to allow the receiver who shall be appointed pursuant to this order to review Defendants' affairs and conduct a proper accounting;

    b. a Receiver should not be appointed with the power to take immediate control over all assets, tangible property, and documentation in Defendants' possession, custody, or control pursuant to this Order and ensure that no assets belonging to Plaintiff, any documentation or evidence concerning those assets,

or any proceeds from the sale or transfer of any assets belonging to Plaintiff or other proceeds or assets sufficient to satisfy the claim in this matter are sold, transferred, or otherwise dissipated before the Receiver can perform a proper accounting and determine the whereabouts of all property belonging to Plaintiff, the proceeds from any sale, transfer, or disposal of Plaintiff's property, and the disposition of any proceeds from the sale, transfer, or disposal of Plaintiff's property as well as the disposition of any other assets or tangible property that could satisfy the claim in this matter.

4. Plaintiff shall provide prompt notice and a copy of this order to Defendants. Specifically, Plaintiff shall do the following:

   a. no later than Sunday, January 19, 2020, at noon MST, Plaintiff shall email a copy of this order to the individual who accepted service on behalf of Defendant Specialized Sales and Leasing at the email address listed for this individual by the Utah State Bar;

   b. no later than Sunday, January 19, 2020, at noon MST, Plaintiff shall email a copy of this order to Mr. Sam Mezani; and

   c. Plaintiff shall attempt to serve a copy of this order on the Defendants that have not yet been served as soon as practical.

5. If Plaintiff wishes to obtain a preliminary injunction before the temporary restraining order expires, it may file a motion to that effect no later than Thursday, January 23, 2020. If

Plaintiff files such a motion, Defendants may file a response no later than Monday, January 27, 2020, and a hearing will be held on that motion on Thursday, January 30 at 1:00 PM MST.

This order is issued at 7:45AM MST on January 19, 2020, and will expire at 7:45AM MST on February 2, 2020.

**IT IS SO ORDERED**

Dated:  January 19, 2020, 7:45 AM MST

_____
Howard C. Nielson, Jr.
United States District Judge

# Exhibit A – Vin Numbers

| | |
|---|---|
| 1 | SJAAC2ZV1JC018398 |
| 2 | WBY2Z2C59GV675116 |
| 3 | SALGS3TF4EA184220 |
| 4 | 5FNRL6H96JB006618 |
| 5 | 5FNYF6H0XHB005888 |
| 6 | WBS4Y9C50JAA85385 |
| 7 | WDDUG8GB1JA390465 |
| 8 | 5UXWX9C55D0A10709 |
| 9 | WA1GFCFS1GR024430 |
| 10 | 1C4RJFBG3GC363435 |
| 11 | 1C4HJXFG7JW139506 |
| 12 | JTHBW1GG4E2045596 |
| 13 | WA1C2AFP8HA035628 |
| 14 | 2HNYD2H61AH529296 |
| 15 | 1GYS3DEF2DR202919 |
| 16 | 5FNRL5H45GB165556 |
| 17 | 1FM5K7DH8HGC36726 |
| 18 | 1FM5K8GT5HGA27711 |
| 19 | 1GYS4JKJXHR294629 |
| 20 | 1GKS2GKC1HR260583 |
| 21 | WDC0G6EB2JF388303 |
| 22 | 1GKS2CKJ9GR113417 |
| 23 | WAUK2AF22KN024658 |
| 24 | TRUC1AFVXG1022276 |
| 25 | WBA8J1C51GK458364 |
| 26 | WDDUG8CB4FA137671 |
| 27 | SALGR2VF8GA246837 |
| 28 | SALGS2FE6HA324706 |
| 29 | 5TDXZ3DC1HS884291 |
| 30 | WDDTG5CB7KJ548857 |
| 31 | WDDSJ4GB0EN103326 |
| 32 | WP0AF2A76HL150649 |
| 33 | WAUKJAFM2DA012623 |
| 34 | WP0AB2A94JS123054 |

| | |
|---|---|
| 35 | WUAKBAFX7H7901501 |
| 36 | SCBEC9ZA0EC096007 |
| 37 | SJAAM2ZV9KC024061 |
| 38 | SALGR2PF3GA288474 |
| 39 | SALWZ2EF1GA591302 |
| 40 | 1G1FK1R6XJ0156610 |
| 41 | 5UXWY3C50F0E95418 |
| 42 | JTHBK1GG2D2020965 |
| 43 | SALGW2SE5JA513587 |