# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AAAG-CALIFORNIA, LCC,<br><br>Plaintiff,<br><br>v.<br><br>ABDUL R. KISANA; JACK METCALF; SPECIALIZED SALES AND LEASING, LLC; and LUXURY AUTO GROUP, LLC,<br><br>Defendants. | **REDEACTED MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Civil No. 2:20-cv-00026-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This matter is before the court on Plaintiff AAAG California's Motion for a Temporary Restraining Order and Appointment of Receiver (the "Motion"). The court has carefully reviewed the filings in this matter. For the following reasons, the Motion is **GRANTED.**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On January 19, 2020, this court granted in part Plaintiff's Motion for a Temporary Restraining Order and Appointment of Receiver. *See* Dkt. No. 21, *reprinted at* 2020 WL 278879 (D. Utah Jan. 19, 2020). The court entered a temporary restraining order barring Defendants "from selling, transferring, or in any way disposing of any of the [enumerated] vehicles acquired from Plaintiff AAAG-California, LLC, . . . as well as any and all documentation, communications, and any other evidence concerning these vehicles (including but not limited to any and all title documentation and any and all documentation and communications concerning the transfer, sale, or attempted sale or transfer of any of these vehicles)." Dkt. No. 21 at 4–5.

2. The order also directed Defendants to file a response showing why "all assets, capital, tangible property, and documentation in Defendants' possession, custody, or control

should not be frozen during the pendency of this Order . . ." and why "a Receiver should not be appointed with the power to take immediate control over all assets, tangible property, and documentation in Defendants' possession, custody, or control pursuant to this Order . . . ." Dkt. No. 21 at 5–6.

3.  On January 21, 2020, Defendant Specialized Sales and Leasing filed a response. *See* Dkt. No. 22. It argued that an asset freeze and the appointment of a receiver were improper under *Grupo Mexicano De Dessarrollo v. Alliance Bond Fund*, 527 U.S. 308 (1999). It represented that many of the vehicles subject to the order had already been sold to third parties and that all unsold vehicles had been returned to Plaintiff—including five vehicles that had been returned on January 21.

4.  On January 21, 2020, summons were returned indicating service on two additional defendants—Luxury Auto Group and Abdul Kisana.



Dkt. No. 25 at 2; *accord* Dkt. No. 26 at 2.

5.  On January 22, 2020, Plaintiff filed a filed a brief, *inter alia* responding to Defendants' arguments and renewing Plaintiff's request for an asset freeze and the appointment of a receiver. *See* Dkt. No. 27.

6. For the reasons stated in its previous order, this court finds that Plaintiff has established: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the injunction is denied; (3) that the threatened injury to the movant outweighs the injury to the other party under the [] injunction; and (4) that the injunction is not adverse to the public interest.

7. Defendant Specialized Sales and Leasing's response does not call into question the findings of fact or conclusions of law set forth in this court's previous order. Defendants have provided no evidence disputing their conduct as set forth in Plaintiff's affidavit and exhibits, nor have they offered any explanation or justification of that conduct. Indeed, Defendants have confirmed that many of the vehicles at issue have been sold to third parties.

8. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

9. The court rejects Defendant Specialized Sales and Leasing's argument that *Grupo Mexicano* bars an asset freeze and the appointment of a receiver in this case. Several Circuits and at least one judge of this District have held that *Grupo Mexicano* does not apply in cases where the relief sought is in part equitable relief. *See, e.g.*, *Johnson v. Couturier*, 572 F.3d 1067, 1083–84 (9th Cir. 2009); *Animale Group, Inc. v. Sunny's Perfume, Inc.*, 256 Fed.Appx. 707, 708 (5th Cir. 2007); *In re Focus Media*, 387 F.3d 1077, 1085 (9th Cir. 2004); *United States v. Oncology Assocs., P.C.*, 198 F.3d 489, 496 (4th Cir. 1999); *Nilson v. JPMorgan Chase Bank, N.A.*, 690 F. Supp. 2d 1231, 1262 (D. Utah 2009).

10. In this case Plaintiff seeks equitable as well as legal relief. *See* Dkt. No. 2 at 22 (requesting, *inter alia*, the return of "stolen title documents to AAAG," the appointment of a

receiver "to facilitate . . . the return of property that was fraudulently reduced and continues to be concealed," and "such other and further relief as this Court deems appropriate"). Equitable relief is likely available as a remedy for at least Plaintiff's claims of fraud and violations of the Utah Consumer Sales Practices Act. *See* Utah Code § 13-11-19(1)(b); *Dugan v. Jones,* 615 P.2d 1239, 1247 (Utah 1980)*; Braun v. Medtronic Sofamor Danek, Inc.,* 719 F. App'x 782, 794 n.5 (10th Cir. 2017). In addition to the relief specifically requested in the initial complaint, potentially available equitable relief could include an accounting, a constructive trust, and equitable liens.

## TEMPORARY RESTRAINING ORDER

1. For the foregoing reasons, Plaintiff's Motion is **GRANTED.**

2. All assets, capital, tangible property, and documentation in Defendants' possession, custody, or control shall be frozen during the pendency of this Order, and Defendants are hereby enjoined from transferring, selling, or in any way disposing of any and all assets, capital, tangible property, and documentation in their possession, custody, or control during the pendency of this Order, so that all of Defendants' business affairs, assets, capital, tangible property, and documentation will remain in their present state as of the date this Order is entered, to allow the receiver who shall be appointed pursuant to this order to review Defendants' affairs and conduct a proper accounting.

3. A Receiver will be appointed with the power to take immediate control over all assets, tangible property, and documentation in Defendants' possession, custody, or control pursuant to this Order and ensure that no assets belonging to Plaintiff, any documentation or evidence concerning those assets, or any proceeds from the sale or transfer of any assets belonging to Plaintiff are sold, transferred, or otherwise dissipated before the Receiver can perform a proper accounting and determine the whereabouts of all property belonging to

Plaintiff, the proceeds from any sale, transfer, or disposal of Plaintiff's property, and the disposition of any proceeds from the sale, transfer, or disposal of Plaintiff's property as well.

4. Within twenty-four (24) hours following the entry of this Order, Plaintiff shall submit to the Court a list of three (3) names of potential Receivers whom the Court may appoint to oversee the implementation of this Order. Any objections to these Receiver candidates must be lodged with the Court within twenty-four (24) hours after they are submitted, after which time the Court will appoint a Receiver and direct him or her to implement the oversight and accounting required under this Order. In the event the Receiver has any difficulties taking control of and temporarily overseeing Defendants' properties, assets, and businesses and implementing the accounting required pursuant to this Order, he or she shall report such difficulties to this Court, which is empowered to take appropriate steps to ensure its Order is effectuated, including through contempt proceedings and, if necessary, facilitating the Receiver's ability to perform his or her duties through the assistance of law enforcement.

5. Federal Rule of Civil Procedure 6(a)(2)(C) does not apply to the deadlines specified in this order.

6. The temporary restraining order previously issued by this court remains in effect until the time specified in that order (7:45AM MST on February 2, 2020).

This order is issued at 5:30 PM MST on January 23, 2020, and will expire at 5:30 PM MST on February 6, 2020.

**IT IS SO ORDERED**

Dated: January 23, 2020, 5:30 PM MST

                                              _____
                                              Howard C. Nielson, Jr.
                                              United States District Judge