# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AAAG-CALIFORNIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABDUL R. KISANA; JACK METCALF; SPECIALIZED SALES AND LEASING, LLC; and LUXURY AUTO GROUP, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY**<br><br>Civil No. 2:20-cv-00026-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This court recently entered a preliminary injunction. Pursuant to that injunction and other orders previously entered in this case, the court appointed a receiver. Defendants[1] now move to stay the receivership pending an interlocutory appeal of that appointment, arguing that the legal analysis underlying the preliminary injunction is erroneous. But in arguing that Plaintiff's claims are all barred by the economic loss rule, Defendants do not meaningfully engage this court's legal analysis. To the contrary, they do little more than reiterate arguments this court has already rejected. And in seeking to present this case as nothing more than a contract dispute, Defendants fail to acknowledge—let alone contest—the core factual findings on which this analysis rests. Most notably, Defendants simply ignore this court's finding that Plaintiff has presented

---

[1] Jack Metcalf has not joined this motion, and all references to Defendants in this Memorandum Opinion and Order exclude him.

substantial, undisputed evidence that Defendants stole the titles to Plaintiff's cars. Defendant's motion is DENIED.

When considering whether to grant a stay, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). These factors do not justify the stay sought by Defendants here.

As noted above, Defendants' argument on the merits is that the economic loss rule bars all of Plaintiff's claims.[2] Quoting the Utah Supreme Court in *Grynberg v. Questar Pipeline Co.*, 70 P.3d 1, 11 (Utah 2003), Defendants note that "[o]nce there is a contract, any tort claim must be premised on an independent duty that exists apart from the contract." Dkt. No. 77 at 2–3. This court quoted similar language in its preliminary injunction opinion. *See* Dkt. No. 61 at 13–14. A casual reader would not know it from Defendants' motion, but this court already concluded that Plaintiff's conversion claim *is* premised on an independent duty: "[e]very citizen has an independent tort duty not to steal the property of another, and not to lie to try to cover up that theft, even if there is no contract between them." Dkt. No. 61 at 14 (quoting *Rozone Prods., LLC v. Raczkowski*, 2012 WL 13172982, at *6 (D.S.D. June 4, 2012)) (modification in preliminary injunction opinion); *see also* Dkt. No. 61 at 13–16. Although Defendants assert that "AAAG has

---

[2] Defendants also repeat their argument that this court lacks jurisdiction over the receivership in light of the interlocutory appeal. This court has already rejected that argument, however, *see* Dkt. 61 at 7–8 n. 6, and Defendants, again, fail to engage this court's analysis.

no basis to assert tort claims," they do not acknowledge—let alone dispute—Plaintiff's evidence that they did not simply breach their contractual duty to pay for Plaintiff's cars, but that they also stole the title to those cars, thus violating Plaintiff's property rights and eliminating Plaintiff's leverage to compel payment or return of the vehicles, as well as to prevent sale of the cars to third parties.

Defendants also claim that because they no longer possess any of Plaintiff's cars "there is nothing for a receiver to do." Dkt. No. 77 at 4. But there is plenty for a receiver to do given Defendants' own actions. The receiver must identify and trace the proceeds of Defendants' sales of Plaintiff's cars in order to facilitate the various equitable remedies this court has determined are likely available. *See* Dkt. No. 61 at 2, 12–13; Dkt. No. 62. That task appears especially urgent given that Defendants claim that despite selling cars worth $2 million, they no longer have any assets other than a single bank account with a balance of less than $2800, that Defendants attempted to avoid service, and that Defendants have refused to cooperate in any meaningful way with the receiver. *See* Dkt. No. 61 at 5–6, 21; Dkt. No. 73.

The court thus concludes that Defendants have failed to demonstrate a likelihood of success on appeal. For that reason alone, their motion for a stay pending appeal must be denied.

Nor do the other factors, taken together, support a stay. The court does not doubt that Defendants may suffer injury in the absence of a stay—especially if they persist in refusing to cooperate with the receiver and are held in contempt as a result.[3] *See* Dkt. No. 73. But this court

---

[3] By separate order the court will extend Defendant's deadline for responding to the receiver's motion (and any supplement it may file) and for showing cause why they should not be held in contempt until seven days from this issuance of this memorandum decision and order to allow them time to seek a stay pending appeal from the Court of Appeals.

has previously found that the preliminary injunction is necessary to prevent irreparable harm to the Plaintiff. *See* Dkt. No. 61 at 19–22. Indeed, given Defendants' actions to date, any further delay in implementing the receivership will likely further reduce the chances of identifying the proceeds from the sale of Plaintiff's cars before those proceeds are dissipated. To be sure, Defendants disagree that Plaintiff faces irreparable injury. But the court has already rejected their arguments on this point, *see* Dkt. No. 61 at 19–22, and Defendants do not meaningfully engage this court's analysis. Given the relative fault of the parties, this court finds that the injury to Plaintiffs that will result from any further delay in implementing the receivership outweighs the injury Defendants may suffer in the absence of a stay. Finally, for essentially the same reasons noted in the memorandum decision and order granting the preliminary injunction, *see* Dkt. No. 61 at 22–23, the court finds that the public interest weighs against the proposed stay.

For the forgoing reasons, the motion to stay is DENIED.

**IT IS SO ORDERED**

Dated this 27th Day of February, 2020

_____
Howard C. Nielson, Jr.
United States District Judge