# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AAAG-CALIFORNIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ABDUL R. KISANA; JACK METCALF; SPECIALIZED SALES AND LEASING, LLC; and LUXURY AUTO GROUP, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:20-cv-00026 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

The Receiver has moved to hold three of the Defendants in contempt for not producing sworn statements and documents required by the Receivership Order or requested by the Receiver. One of these Defendants—Mr. Abdul Kisana—has asserted the Fifth Amendment privilege against self-incrimination in response to some of these requirements and requests. Having considered the Parties' submissions and arguments, and for the reasons stated on the record as explained and modified below, the court sustains Mr. Kisana's assertion of privilege in part and rejects it in part.

## I.

The court issued a Preliminary Injunction on February 16, 2020, and a Receivership Order the next day. *See* Dkt. Nos. 61, 62. On February 21, 2020, the Receiver moved to hold Defendants Mr. Kisana, Specialized Sales and Leasing, LLC, and Luxury Auto Group, LLC, in contempt for not producing sworn statements and documents as required by the Receivership

1

Order and in response to the Receiver's requests. *See* Dkt. No. 73. The Receiver supplemented the motion on February 28, 2020. *See* Dkt. No. 94. Mr. Kisana then asserted his Fifth Amendment privilege against self-incrimination as a ground for not complying with some of the Receiver's requests. *See* Dkt. No. 95. After holding a hearing on March 10, 2020, *see* Dkt, No. 119, this court ruled that these three Defendants were in contempt because they had failed to produce at least some items as to which they had neither asserted privilege nor an inability to comply, *see* Dkt. No. 105 at 3–5. This court further ruled that Mr. Kisana had not asserted his Fifth Amendment privilege with the particularity required by the Receivership Order and controlling precedent. *See id*. at 3. Rather than impose penalties immediately, this court directed the parties to produce a joint statement of outstanding items and, for each of those items, directed Defendants to either produce the items or assert privilege with specificity or inability to comply no later than Monday, March 16, 2020. *See id.* The parties produced the joint statement, *see* Dkt. No. 108, Mr. Kisana filed an assertion of privilege, *see* Dkt. No. 111, and the Receiver filed a response, *see* Dkt. No. 116. This court held a telephonic hearing on March 19, 2020,[1] and issued a preliminary oral ruling on Mr. Kisana's claim of privilege as applied to each of the requirements of the Receivership Order and the Receiver's requests for production to which Mr. Kisana objected. The court now modifies and memorializes that ruling.

## II.

In his written assertion of the privilege against self-incrimination, Mr. Kisana argued—albeit in a conclusory manner—that providing a sworn statement or documents in response to

---

[1] The hearing was held telephonically in light of public health concerns arising from the COVID-19 pandemic. *See* General Order 20-009 (D. Utah) (Shelby, C.J.).

certain requirements of the Receivership Order and some of the Receiver's document requests could implicate Mr. Kisana in the crime of money laundering. *See* Dkt. No. 111 at 2. At the telephonic hearing, Mr. Kisana also argued that responding to certain of these requests could implicate himself in the crime of selling stolen property—namely the cars that are the subject of Plaintiff's complaint. The Receiver argued that because Defendants affirmative represented in briefing and acknowledged in Mr. Kisana's Answer to the Amended Complaint that they have sold all but one of the cars at issue, Mr. Kisana has waived his Fifth Amendment privilege.

Despite its initial contrary oral ruling, the court concludes that Mr. Kisana has not waived his Fifth Amendment privilege, even with respect to the potential crime of selling stolen property. Nevertheless, as explained below, although the privilege does excuse Mr. Kisana from complying with some of the requirements of the Receivership Order and some of the Receiver's requests, it does not excuse him from complying with all of them. Furthermore, Defendants Specialized Sales and Leasing, LLC, and Luxury Auto Group, LLC, have not asserted—and under controlling precedent cannot assert—the privilege against self-incrimination and, with certain qualifications explained below, Mr. Kisana's assertion of privilege does not excuse these entities from complying with all of the requirements of the Receivership Order and all of the Receiver's requests.

**A.**

In its very first filing in this case, Defendant Specialized Sales and Leasing—through the same counsel who then and now represents Mr. Kisana, *see* Dkt. No. 22 at 3—affirmatively represented that Defendants had sold all but one of the cars currently in dispute and, based on that representation, argued that the appointment of a receiver was inappropriate. *See e.g.* Dkt.

3

No. 22 at 10. At that point, however, Mr. Kisana had not yet been served. *Compare* Dkt. No. 22 (filed the morning of January 21), *with* Dkt. No. 25 (showing service in the afternoon of January 21). After Mr. Kisana was served, Defendants moved to stay the Receivership Order, referencing the previous factual representation and urging the same argument. *See* Dkt. No. 77 at 4. In addition, Mr. Kisana's Answer expressly "admits he sold vehicles obtained from AAAG." Dkt. 65 ¶ 14; *see also id.* at ¶¶ 106, 129, 159.

Had Mr. Kisana given oral testimony or signed a sworn statement asserting or even acknowledging that he had sold the cars at issue here, he clearly would have waived the right to assert privilege as to the details of those sales. "It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Mitchell v. United States*, 526 U.S. 314, 321 (1999). He has not done so in this case, however.

Even had the original brief affirmatively representing that all but one of the disputed cars had been sold and arguing on that basis against the appointment of a receiver been filed on behalf of Mr. Kisana as well as Specialized Sales and Leasing, this court would be inclined to find waiver. After all, it is well settled in civil litigation that a party is bound by factual representations made by counsel on his or her behalf, *see, e.g.*, *Associacao Brasileira de Medicina de Grupo v. Stryker Corp.*, 891 F.3d 615, 621 (6th Cir. 2018); *Laird v. Air Carrier Engine Serv., Inc.*, 263 F.2d 948, 953 (5th Cir. 1959), and even in criminal trials, factual assertions made by counsel can implicate the defendant's privilege against self-incrimination, *see, e.g.*, *United States v. McKeon,* 738 F.2d 26, 33 (2d Cir.1984) (opening statement at criminal trial). Here, however, counsel's factual representations in the opening brief were made only on

behalf of Specialized Sales and Leasing—indeed, Mr. Kisana had not yet been served with process at the time this brief was filed.

To be sure, the representation regarding the sale of the cars and the argument that the appointment of a receiver was therefore in appropriate was repeated in the stay motion—which was filed on behalf of Mr. Kisana as well as the two LLC Defendants. But the stay motion specifically attributed the factual representation to Specialized Sales and Leasing, referencing by date the representation Specialized Sales and Leasing had made in its first brief. *See* Dkt. No. 77 at 4 ("Moreover, as of January 21, 2020, *Specialized* maintains it has returned all the cars obtained from AAAG that have not been sold to third parties. Therefore, even if the court had authority to appoint a receiver here, which it does not, there is nothing for a receiver to do.") (emphasis added). And while Mr. Kisana did admit to selling the cars in his Answer to the Amended Complaint, the court finds that such an admission—which simply concedes a point asserted by the Plaintiff and thus takes that point out of contention—is insufficient to waive the privilege against self-incrimination. *Cf. Mitchell v. United States*, 526 U.S. 314 (1999) (pleading guilty insufficient to waive privilege as to the details of the offense for purposes of sentencing); *ACLI Int'l Commodity Servs., Inc. v. Banque Populaire Suisse*, 110 F.R.D. 278, 287 (S.D.N.Y. 1986) (averments in answer insufficient to waive privilege); *In re Knapp*, 536 So.2d 1330, 1336 (Miss. 1988) (same).

The court accordingly finds that Mr. Kisana has not waived his Fifth Amendment privilege against self-incrimination regarding matters relating to the sale of the cars at issue here that might implicate him in the crime of selling stolen property. And even if Mr. Kisana had waived the privilege with regard to this crime, he has certainly not waived the privilege with

regard to matters relating to the disposition of the proceeds from the sales of the cars that might implicate him in the separate crime of money laundering.

**B.**

Mr. Kisana asserts the privilege against self-incrimination in response to some aspects of the sworn statement required by paragraph 11 of the Receivership Order and in response to all aspects of the sworn statement and accompanying documentation required by paragraph 12 of that Order. *See* Dkt. No. 111 at 2. The court agrees that providing a sworn statement addressing the matters to which Mr. Kisana objects could tend to incriminate him for selling stolen property and money laundering. *See United States v. Von Behren*, 822 F.3d 1139, 1144–45 (10th Cir. 2016). Accordingly, with one qualification, the court will not require Mr. Kisana to provide a sworn statement addressing the matters to which he objects. As explained below, the court will require Mr. Kisana to provide some of the documentation required by paragraph 12 of the Receivership Order. And with respect to the required documentation that Mr. Kisana must provide, the court will require Mr. Kisana to sign a sworn statement that he has provided all responsive documents in his possession or to which he has access and that he has not concealed or destroyed any responsive documents. The court believes that such a sworn statement that production is complete is no more testimonial or incriminating than is the act of the producing the documents, *see infra* Part II.C, and that requiring such a statement is warranted in light of Mr. Kisana's behavior throughout this case, including his attempts to avoid service, *see* Dkt. No. 61 at 5–6, and his defiance of this court's order to appear in person at the contempt hearing on March 10, 2020, *see* Dkt. No 105 at 2. For convenience, the court will refer to this qualification as "Qualification A."

## C.

Although the court will not require Mr. Kisana to provide a sworn statement addressing the substantive matters to which he objects, it will require him to provide some of the documentation required by paragraph 12 of the Receivership Order and to comply with many of the Receiver's additional document requests.[2] Although the privilege against self-incrimination can shield an individual not only from being compelled to provide written or oral testimony, but also from being compelled to produce documents, the Supreme Court has held that an individual "cannot avoid compliance with the subpoena merely by asserting that the item of evidence which he is required to produce contains incriminating writing, whether his own or that of someone else." *United States v. Fisher*, 425 U.S. 391, 410 (1976). The possibility that the *content* of the documents that an individual must produce may be incriminating is thus not a proper basis for asserting the privilege.

But "[a]lthough *the contents* of a document may not be privileged, the *act of producing the document* may be." *United States v. Doe*, 465 U.S. 605, 612 (1984) (emphases added). As the Supreme Court explained in *United States v. Fisher*,

> "Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the [producer]. It also would indicate the [producer's] belief that the papers are those described in the subpoena. The elements of compulsion are clearly present, but the more difficult issues are whether the tacit averments of the taxpayer are both 'testimonial' and 'incriminating' for purposes of applying the Fifth Amendment. These questions

---

[2] By its terms, Mr. Kisana's assertion of privilege was limited to some of the requirements of paragraph 11 and all the requirements of paragraph 12 of the Receivership Order. Out of an abundance of caution, the court will nonetheless construe the assertion to apply to those separate document requests made by the Receiver that overlap with the requirements of paragraph 11 and paragraph 12 to which Mr. Kisana has objected.

7

perhaps do not lend themselves to categorical answers; their resolution may instead depend on the facts and circumstances of particular cases or classes thereof."

425 U.S. at 410 (citation omitted).

In this case, Mr. Kisana has not even attempted to make a fact-specific showing that the act of producing any of the documents required by paragraph 12 of the Receivership Order or otherwise requested by the Receiver would be both testimonial and incriminating. Indeed, his conclusory assertion of privilege does not even reference the production of documents as opposed to the requirement of sworn testimony, *see* Dkt. No. 111 at 2, though counsel for Mr. Kisana made clear at the telephonic hearing that Mr. Kisana wishes to assert the privilege in response to at least some of the document requests.

With respect to some of these requests—particularly those that specifically call for information regarding the sale of the cars at issue or the disposition of the proceeds of the sales—the court can readily see that producing the documents would identify them as those requested by the document request and could thus be incriminating. As specified below, the court will accordingly not require Mr. Kisana to produce documents in response to such targeted requests.

By contrast, Mr. Kisana has not shown, and the court can not readily see, how the act of producing documents in response to more general requests—such as requests to provide bank statements, mortgage information, and documentation of all financial transactions during a specified period—would be both testimonial and incriminating, even if the responsive documents themselves contain incriminating information. The court will accordingly require Mr. Kisana to respond to such general document requests with one qualification. If Mr. Kisana believes in good faith that the act of producing particular

8

documents in response to such a general request would be both testimonial and incriminating based on facts and circumstances relating to those specific documents, he may file such documents under seal, along with a fact-specific explanation of why he believes the privilege allows him to withhold those documents, for in camera review by the court. The court will refer to this qualification as "Qualification B."

### D.

Finally, the court notes that neither Defendant Specialized Sales and Leasing, LLC, nor Defendant Luxury Auto Group, LLC, has asserted the privilege against self-incrimination, and all parties agree that such an assertion would be improper in light of *Braswell v. United States*, 487 U.S. 99 (1988), and other controlling precedent. Subject to two qualifications, Specialized Sales and Leasing and Luxury Auto Group must therefore submit sworn statements through an authorized representative as required by paragraph 11 and paragraph 12 of the Receivership Order and must produce all documents required by the Receivership Order or requested by the Receiver. First, the sworn statements submitted by Specialized Sales and Leasing and Luxury Auto Group need not address information known to Mr. Kisana only in his personal capacity, and neither LLC need produce documents possessed by Mr. Kisana only in his personal capacity. The court will refer to this qualification as "Qualification C." Second, if Mr. Kisana submits a sworn statement that no individual other than himself is able and authorized to submit a sworn statement on behalf of one or both of the LLC Defendants, the LLC or LLCs without an authorized representative other than Mr. Kisana will not be required to submit a sworn statement addressing matters as to which the court has sustained Mr. Kisana's assertion of privilege. *Cf. U.S. v. Kordel*, 397 U.S. 1, 7–9 (1970). In this event, the LLC or LLCs will still be required to

submit all documentation required by paragraph 12 of the Receivership Order, as well as a sworn statement that all responsive documents in the entity's possession or to which the entity has access (other than documents possessed by Mr. Kisana only in his personal capacity) have been provided and that no responsive documents have been concealed or destroyed. The court will refer to this qualification as "Qualification D."

*   *   *

The court recognizes that Mr. Kisana's assertion of Fifth Amendment privilege will make it considerably more difficult for the Receiver to identify the proceeds of the sales of the cars at issue in this case as he is required to do under this court's preliminary injunction ruling and the Receivership Order. The court notes, however, that this is not a criminal proceeding, and under controlling precedent neither the Receiver nor this court is barred from drawing adverse inferences against Mr. Kisana based on his assertion of privilege. *See, e.g., Mitchell*, 526 U.S. at 328; *S.E.C. v. Smart*, 678 F.3d 850, 858 n.8 (10th Cir. 2012). Although the court need not decide the question yet, Mr. Kisana's assertion of privilege may well justify a rebuttable presumption that all identifiable assets of the Receivership Defendants are attributable to the sale of the cars at issue in this case.

### III.

For the foregoing reasons, the court rules that the Receivership Defendants must respond to the specific requirements of paragraphs 11, 12, and 13 of the Receivership Order and the Receiver's document requests as follows:

1. Paragraph 11(a) and 11(b). Mr. Kisana's claim of privilege is sustained. Mr. Kisana will not be required to submit a sworn statement in response to paragraph 11(a) or 11(b).

The LLC Defendants will be required to submit a sworn statement in response to paragraph 11(a) and 11(b), subject to Qualifications C and D.

2. Paragraph 11(c) and 11(d). Mr. Kisana has not asserted a claim of privilege. Mr. Kisana and the LLC Defendants shall submit sworn statements as required by paragraph 11(c) and 11(d) of the Receivership Order.

3. Paragraph 12(a), 12(b), 12(c), 12(e), and 12(f). Mr. Kisana's claim of privilege is sustained in part and overruled in part. Mr. Kisana will not be required to submit a sworn statement in response to paragraph 12(a), 12(b), 12(c), 12(e), and 12(f), subject to Qualification A. Mr. Kisana will, however, be required to submit all documentation required by paragraph 12(a), 12(b), 12(c), 12(e), and 12(f), subject to Qualification B. The LLC Defendants will be required to submit the sworn statements and documentation required by paragraph 12(a), 12(b), 12(c), 12(e), and 12(f), subject to Qualifications C and D.

4. Paragraph 12(d). Mr. Kisana's claim of privilege is sustained. Mr. Kisana will not be required to provide sworn testimony or documentation in response to paragraph 12(d). Although Mr. Kisana need not produce documents in response to this provision, he may not withhold such documents in response to another requirement of the Receivership Order or document request as to which Mr. Kisana's claim of privilege has been overruled and to which the documents are also responsive. The LLC Defendants will be required to provide sworn statements and documentation as required by paragraph 12(d), subject to Qualifications C and D.

5. With respect to the federal tax returns required by paragraph 13 of the Receivership Order, Mr. Kisana has not asserted privilege. Mr. Kisana and the LLC Defendants

shall produce federal tax returns for the calendar and fiscal years beginning January 1, 2018, along with all supporting documentation.

6. With respect to the Receiver's request twelve months of account statements for any credit, bank, charge, debit, or other deferred payment card issued to or used by any Receivership Defendant, Mr. Kisana's claim of privilege is overruled. Mr. Kisana shall produce all requested statements subject to Qualification B. The LLC Defendants shall produce the requested statements subject to Qualification C.

7. With respect to the Receiver's request that Receivership Defendants produce documents identifying (a) the date on which each Vehicle was sold, (b) the identity of the owner and the current location of each Vehicle, (c) the sale price for each Vehicle sold, (d) the name and contact information for each purchaser of a Vehicle, (e) the form of payment provided by each purchaser of a Vehicle, (f) the current title holder of each Vehicle, (g) where proceeds from each sale of a Vehicle were deposited and/or transferred, (h) the name and contact information for any individual or entity to which proceeds of the sale of any Vehicle were transferred, (i) any and all records related to the sale of any Vehicle, and (j) any and all records identifying the current status of the proceeds of the sale of any Vehicle, including subsequent transfers to third parties, Mr. Kisana's claim of privilege is sustained. Mr. Kisana need not provide documents in response to these requests. Although Mr. Kisana need not produce documents in response to these requests, he cannot withhold such documents in response to another requirement of the Receivership Order or document request as to which Mr. Kisana's claim of privilege has been overruled and to which the documents are also responsive. The LLC Defendants shall fully comply with these document requests subject to Qualification C.

8. With respect to the Receiver's requests that Receivership Defendants produce documents identifying the current balance, location, and identity of all bank accounts owned or controlled by any Receivership Defendant and/or Mr. Kisana's spouse since January 1, 2019 and that Receivership Defendants produce bank statements from any such account from January 2019 to the present, Mr. Kisana's claim of privilege is overruled. Mr. Kisana shall produce all requested documents subject to Qualification B. The LLC Defendants shall produce all requested documents subject to Qualification C.

9. With respect to the Receiver's requests that Receivership Defendants produce documents identifying the location and estimated value of all real property owned by, controlled by, or in which any Receivership Defendant or Mr. Kisana's spouse holds an interest and all mortgage documents related to such real property, Mr. Kisana's claim of privilege is overruled. Mr. Kisana shall produce all requested documents subject to Qualification B. The LLC Defendants shall produce all requested documents subject to Qualification C.

10. With request to the Receiver's request that the Receivership Defendants produce documents identifying all personal property of any Receivership Defendant and/or Mr. Kisana's spouse valued at or above approximately $3,000, Mr. Kisana's claim of privilege is overruled. Mr. Kisana shall produce all requested documents subject to Qualification B. The LLC Defendants shall produce all requested documents subject to Qualification C.

11. With respect to the Receiver's requests that Receivership Defendants produce documents identifying any and all businesses in which any Receivership Defendant and/or Mr. Kisana's spouse hold or have held an interest in the last six months or for which any Receivership Defendant and/or Mr. Kisana's spouse provided any work or performed any

services, Mr. Kisana has not asserted any claim of privilege. Mr. Kisana and the LLC Defendants shall produce all requested documents.

12. With respect to the Receiver's requests that Receivership Defendants produce documents identifying all parties to whom any Receivership Defendant owed a debt, paid a judgment, became subject to a judgment, or incurred a liability within the last six months, as well as identifying the amounts owed under any such obligation, Mr Kisana's claim of privilege, if any, is overruled. Mr. Kisana shall produce all requested documents subject to Qualification B. The LLC Defendants shall produce all requested documents subject to Qualification C..

13. In response to any of the receiver's requests for documents, in lieu of further production, Receivership Defendants may submit a sworn statement that all responsive documents have been produced and that no responsive documents have been concealed or destroyed.

14. The court finds that, for at least some categories of documents required by the Receivership Order or requested by the Receiver, Receivership Defendants did not assert a claim of privilege under the Fifth Amendment, did not argue that they were unable to produce the documents, and did not produce such documents prior to March 17, 2020. Consequently, the court has imposed a $1,000 per day fine beginning March 17, 2020, to be paid from non-receivership assets and to continue until Receivership Defendants have fully complied. *See* Dkt. No 105. This fine will continue until all such documents have been produced.

15. For those categories of documents for which the court has now overruled Mr. Kisana's claim of privilege, Receivership Defendants are ordered to produce all responsive documents no later than March 26, 2020 at 5:00 PM.

16. If Receivership Defendants fail to produce all required statements, documents or information for which claims of privilege have now been overruled by March 26, 2020, at 5:00 PM, Receivership Defendants shall be required to pay a civil fine of $1,000 per day, to be paid from non-receivership assets and to continue until Receivership Defendants have fully complied with their obligations.

17. If Mr. Kisana has not fully complied with his obligations by Thursday, April 2, 2020, a bench warrant shall issue for his arrest, and he will be imprisoned until such time as he fully complies.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2020.

_____
Howard C. Nielson, Jr.
United States District Judge