IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AAAG-CALIFORNIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ABDUL R. KISANA; JACK METCALF; SPECIALIZED SALES AND LEASING, LLC; and LUXURY AUTO GROUP, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND CONTEMPT ORDER** <br><br> Case No. 2:20-cv-00026 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

Although untimely, Defendant Kisana's assertion of the privilege against self-incrimination in response to paragraph 11(d) of the Receivership Order is well taken. The court will accordingly not require Mr. Kisana to comply with this provision. Mr. Kisana has not, however, asserted privilege in response to paragraph 11(c) of the Receivership Order, nor has he complied with this provision despite the court's finding of contempt.

Mr. Kisana's invocation of *United States v. Hubbell*, 530 U.S. 27 (2000), though again untimely, is also well taken. The court will accordingly not require Mr. Kisana to comply with paragraph 12 of the Receivership Order. Nor will the court require Mr. Kisana to produce documents in response to broad requests that do not identify specific documents "with reasonable particularity." *Id*. at 30. The court will likewise not require Mr. Kisana to produce documents absent a showing by the receiver of prior knowledge that the documents exist and that Mr. Kisana possesses or has access to the documents unless the existence of the documents and Mr. Kisana's possession or access are not subject to reasonable question. *See id*. at 44–45. For example, if the Receiver determines that specific bank accounts or properties are owned by Mr.

Kisana, he could require Mr. Kisana to produce specific statements or documents relating to those properties. *Cf.* Dkt. No. 131 at 4 (Kisana Objection) ("This is unlike a case where a request is directed at specific documents known by all parties to exist: for example, 'Zions Bank account 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.'").

The court notes, however, that Mr. Kisana has not asserted privilege with respect to the tax returns required by paragraph 13 of the Receivership Order, nor has he produced the required personal tax returns. In addition, the court finds that paragraph 13 requests specific documents with reasonable particularity, and that neither the existence of these documents—which Mr. Kisana was required by law to file—nor Mr. Kisana's possession of or access to these documents appears subject to reasonable question.

Because Mr. Kisana has disregarded this court's order finding him in contempt, persisted in refusal to comply with paragraph 11(c) and paragraph 13 of the Receivership Order, and failed to assert privilege or inability to comply with respect to these provisions despite multiple opportunities to do so, a bench warrant will issue for his arrest. Mr. Kisana may purge his contempt by complying with paragraph 11(c) and paragraph 13 of the Receivership Order.

Nothing in this Order modifies the obligations of Defendant Specialized Sales and Leasing, LLC, or Defendant Luxury Auto Group, LLC, as set forth in the Memorandum Decision and Order issued by this court on March 23, 2020.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2020.

_____
Howard C. Nielson, Jr.
United States District Judge