IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AAAG-CALIFORNIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABDUL R. KISANA; JACK METCALF; SPECIALIZED SALES AND LEASING, LLC; and LUXURY AUTO GROUP, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00026-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Before the court are: (1) Plaintiff AAAG-California, LLC's ("Plaintiff") motion for leave to file third amended complaint[1] and (2) Defendant Abdul Mr. Kisana's ("Mr. Kisana") motion for leave to file a sur-reply on Plaintiff's motion.[2] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motions on the written memoranda.

## ANALYSIS

### I.   Plaintiff's Motion for Leave to File Third Amended Complaint

Plaintiff seeks to file a third amended complaint to add: (1) three new defendants; (2) allegations regarding the new defendants' participation in the alleged scheme; and (3) three

---

[1] *See* ECF no. 154.

[2] *See* ECF no. 187.

additional causes of action of civil conspiracy.  Mr. Kisana opposes Plaintiff's motion by arguing that the proposed amendment is futile.  For the following reasons, Plaintiff's motion is granted.

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).  As shown below, justice requires the amendment, and the factors against amendment are not well taken here.

First, the interests of justice require giving Plaintiff leave to amend its complaint.  The concept of "justice" is "a term broad enough to cover the variant circumstances of each individual case, which in sum reflect that the administration of justice will be advanced" by the amendment.  *Oil & Gas Ventures-First 1958 Fund, Ltd. v. Kung*, 250 F. Supp. 744, 754 (S.D.N.Y. 1966).  During litigation here, Plaintiff has discovered information that forms the basis for adding new claims and parties.  Plaintiff should be permitted to pursue those claims and parties, particularly where, as here, the time for amending pleadings and adding new parties under the scheduling order has not passed,[3] and the court has already determined that the original

---

[3] *See* ECF no. 167 at 6 (stating that deadline to amend pleadings and add parties is September 4, 2020).

defendants have both taken Plaintiff's property and refused to return it or the proceeds therefrom. Therefore, the interests of justice require amendment.

Given that the interests of justice allow this amendment, the court next determines whether the amendment-precluding factors in Fed. R. Civ. P. 15 apply. Mr. Kisana's only argument in opposition to Plaintiff's motion is that the proposed third amended complaint is futile. Consequently, the court considers only this argument.

The proposed third amended complaint is not futile. When determining futility, the court must determine whether Plaintiff's proposed third amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Mr. Kisana's futility argument is based almost exclusively upon his contention that the bulk of the allegations in Plaintiff's proposed third amended complaint are conclusory and not well pleaded because they are based upon information and belief. However, "[t]he mere fact that a plaintiff uses the language 'information and belief' does not make an allegation conclusory but, instead, the Court must consider the content of the allegation itself." *McCartney v. United States*, 31 F. Supp. 3d 1340, 1345 (D. Utah 2014) (quotations, citations, and footnote omitted). This is true even under the heightened pleading standards of Fed. R. Civ. P. 9(b). *See Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992) ("Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the

complaint sets forth the factual basis for the plaintiff's belief."). Furthermore, "[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quotations and citations omitted); *see also, e.g.*, *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1255 (10th Cir. 2016) (citing cases for the proposition that when a court is determining whether a plaintiff has satisfied the pleading standard of Fed. R. Civ. P. 9(b), the court "may consider whether any pleading deficiencies resulted from the plaintiff's inability to obtain information in the defendant's exclusive control").

  The court agrees with Plaintiff's contention that it has alleged facts based upon information and belief only where there is circumstantial evidence supporting the allegations and where the allegations are based upon the information it has discovered thus far, all of which state a plausible claim of liability under the stated causes of action. Additionally, the original and proposed defendants control much of the information underlying Plaintiff's allegations in the third amended complaint. Accordingly, based upon a careful review of Plaintiff's proposed third amended complaint, the court concludes that Plaintiff's allegations are not conclusory and satisfy the plausibility requirement set by *Twombly* and *Iqbal*.

  Therefore, under the liberal standard for granting leave to amend pleadings under Rule 15(a), Plaintiff's motion for leave to file a third amended complaint is granted. Plaintiff shall file its proposed third amended complaint on or before June 5, 2020.

## II. Mr. Kisana's Motion for Leave to File Sur-Reply

In this motion, Mr. Kisana seeks leave to file a sur-reply on Plaintiff's motion for leave to amend because, according to Mr. Kisana, Plaintiff's reply memorandum contained new material and arguments not contained within its motion. Although Mr. Kisana's argument in this regard is well-taken, the court concludes that the proposed amended complaint was sufficient on its face to allow the court to grant it. Consequently, nothing contained in Mr. Kisana's proposed sur-reply would have altered that conclusion, which results in the denial of his motion.

## ORDER

IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file third amended complaint[4] is GRANTED.

2. Plaintiff shall file its proposed third amended complaint on or before June 5, 2020.

3. Mr. Kisana's motion for leave to file a sur-reply[5] is DENIED.

IT IS SO ORDERED.

DATED this 2d day of June 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[4] *See* ECF no. 154.

[5] *See* ECF no. 187.