# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AAAG-CALIFORNIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABDUL R. KISANA, et al.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS AND GRANTING MOTION FOR TERMINATING SANCTIONS**<br><br>Case No. 2:20-cv-00026<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On May 14, 2021, Magistrate Judge Bennett entered a Report and Recommendations addressing Plaintiff AAAG's Motion for Terminating Sanctions. *See* Dkt. Nos. 522, 550. Judge Bennett recommended that the court grant this motion, enter default judgment against the Kisana Defendants on all relevant claims, and dismiss the Kisana Defendants' counterclaims with prejudice. *See* Dkt. No. 550 at 27. Judge Bennett also recommended that the court award AAAG its reasonable expenses, including attorney fees, incurred litigating this action against the Kisana Defendants; deny the Kisana Defendants' motion for judgment against themselves (Dkt. No. 548); and refer this matter to the United States Attorney's Office for the District of Utah for investigation and possible criminal prosecution. *See* Dkt. No. 550 at 27.

Both the Kisana Defendants and the Diglisic Defendants filed objections to Judge Bennett's Report and Recommendations. *See* Dkt. Nos. 551, 553. The Kisana Defendants also withdrew their motion for judgment against themselves. *See* Dkt. No. 552. The court has conducted a thorough *de novo* review of Judge Bennett's Report and Recommendations, especially those portions to which the Kisana Defendants have "properly objected." FED. R. CIV. P. 72(b)(3). For the reasons that follow, the court overrules the Kisana Defendants' objections

and adopts the Report and Recommendations to the extent it is consistent with this memorandum decision and order.

I.

In their first seven objections, the Kisana Defendants argue the merits of AAAG's claims, attempt to justify their repeated defiance of this court's orders on the grounds that (in their view) this court's orders are erroneous, or both. *See* Dkt. No. 553 at 3–6. The Supreme Court, however, has distinguished "[c]ivil contempt, [which] is designed to force the contemnor to comply with an order of the court," from criminal contempt and other punitive sanctions, which are "designed to punish a party who has already violated the court's rules." *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). "Given that civil contempt is designed to coerce compliance with the court's decree, it is logical that the order itself should fall with a showing that the court was without authority to enter the decree." *Id.* Because criminal contempt, by contrast, is intended to punish noncompliance, *see, e.g.*, *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988), "[v]iolations of an order are punishable as criminal contempt even though the order is set aside on appeal or though the basic action has become moot," *United States v. United Mine Workers of America*, 330 U.S. 258, 294 (1947) (internal citations omitted). The well settled doctrine that invalidity of the order that a party has violated is not a defense to criminal contempt is known as the collateral bar rule. *See, e.g.*, *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 725 (9th Cir. 1989).

The Supreme Court has extended the collateral bar rule to sanctions imposed under Federal Rule of Civil Procedure 11, explaining that such sanctions are "not a judgment on the merits of an action," but instead "require[] the determination of . . . whether the attorney has abused the judicial process." *Willy*, 503 U.S. at 138. It follows that a court may impose Rule 11

2

sanctions even if "the plaintiff had voluntarily dismissed his action" or the court "lacked subject-matter jurisdiction" to adjudicate the underlying action. *Id*. at 137–138. The Tenth Circuit has applied the same logic to sanctions imposed under Rule 16(f) and 37(b)—such as those recommended by Judge Bennett here—because they have "[t]he predominant purpose . . . to punish litigants . . . for their noncompliance with pretrial and discovery orders." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1553 (10th Cir. 1996). Because of this predominant purpose, such sanctions "are enforceable [even when] a civil contempt citation is not," including when the court lacks "subject-matter jurisdiction." *Id.* at 1552.

It follows that no matter how "erroneous the action of the court may be, until the order is reversed for error by orderly review, disobedience of the order is contempt of the court's lawful authority" and may result in punitive sanctions. *L'Ggrke v. Asset Plus Corp.*, 641 Fed. Appx. 779, 781 (10th Cir. 2016) (cleaned up). Simply put, the Kisana Defendants cannot "make private determinations of the law and refuse to obey an order"—let alone multiple orders—issued by this court with impunity. *Id.* at 782. The court thus overrules the Kisana Defendants' first seven objections.[1]

**II**.

The Kisana Defendants' eighth objection is that Judge Bennett's "analysis of prejudice is incomplete and superficial." Dkt. No. 553 at 6. The court, however, concludes that Judge Bennett adequately identified and explained the prejudice that resulted from the Kisana Defendant's misconduct, and it agrees with his analysis. Certainly, "[t]he withholding of evidence

---

[1] Just as the sanctions imposed here are based on the Kisana Defendants' litigation conduct rather than the validity of this court's orders or the merits of AAAG's claims, the sanctions do not turn on the Kisana Defendants' prelitigation conduct giving rise to those claims. The court thus need not—and does not—address whether Judge Bennett's description and characterization of that prelitigation conduct is accurate and fair in all respects.

3

substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout the litigation" because the affected party is "forced either to attempt independent corroboration of each submission, at substantial expense of time and money, or to accept the possibility that every document or statement submitted by [the culpable party] is incomplete or inaccurate." *Freddie v. Marten Transport, Ltd.*, 428 Fed. Appx. 801, 804 (10th Cir. 2011) (quoting *Garcia v. Berkshire Life Ins. Co. of America*, 569 F.3d 1174, 1180 (10th Cir. 2009) (internal quotations omitted). Such actions can also prejudice the affected party by "causing delay and mounting attorney's fees." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Finally, a party "obviously and substantially prejudice[s]" the opposing party when it "refuse[s] to respond to either [discovery] requests or the district court's orders." *Taylor v. District of Colorado Safeway, Inc.*, 116 Fed. Appx. 976, 978 (10th Cir. 2004). The court has little difficulty concluding that the Kisana Defendants' repeated defiance and misconduct have caused AAAG to suffer all of these forms of prejudice here.

The Kisana Defendants argue "that the requested documents are not necessary to resolve the conversion claim and instead, are primarily concerned with the receiver's ability to collect funds." Dkt. No. 553 at 6. As explained, however, "[t]he withholding of evidence substantially prejudices an opposing party" by making *all* other submissions unreliable. And even if the court accepted the Kisana Defendants' argument that the only relevant factual question in this case is whether there was a "side agreement," Dkt. No. 540 at 17—and it does not—the Kisana Defendants' have still greatly prejudiced AAAG's ability to develop evidence relating to this question by tampering with a potential witness, refusing to make themselves available for any depositions, and refusing to produce business records of their transactions with AAAG. For all of these reasons, the Kisana Defendants' eighth objection is overruled.

III.

The Kisana Defendants' ninth objection is that Judge Bennett "did not consider Kisana's arguments regarding alleged interference with the judicial process." Dkt. No. 553 at 6. But Judge Bennett did discuss how the Kisana Defendants' misconduct has interfered with the judicial process. As the Tenth Circuit has explained, moreover, "[t]he judicial process essentially gr[inds] to a halt" when a party "refus[es] to respond to either [discovery] requests or the district court's orders." *Taylor*, 116 Fed. Appx. at 978. This case has "ground to a halt" in precisely this manner. Among other things, the court has been unable to issue definitive rulings on motions, including the Kisana Defendants' own motion for summary judgment, and move this case toward a resolution on the merits because of the Kisana Defendants' continued obstruction of discovery requests and their repeated defiance of this courts' orders. The court thus overrules the Kisana Defendants' ninth objection.

IV.

The Kisana Defendants' tenth objection is that Judge Bennett "did not consider Kisana's arguments and offer to apologize on the issue of culpability." Dkt. No. 553 at 7. Judge Bennett did address the issue of culpability, however. As Judge Bennett recognized, "[t]he sanction of dismissal should be imposed only when a party has willfully . . . disobeyed a discovery order." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). But Judge Bennett also correctly explained that a "willful failure" is defined "as any intentional failure as distinguished from involuntary noncompliance" and that "[n]o wrongful intent need be shown." *Id*. at 628–629 (internal quotations omitted). Rather, "[t]he courts that have concluded that the failure to comply with a discovery order was not willful have emphasized the inability of the party to comply with the order." *Id.* at 629.

5

The Kisana Defendants have provided no evidence or argument that their noncompliance was not willful. Instead, they have offered only to apologize and "to explain the reasons for [their] actions." Dkt. No. 540 at 19. Based on its observation of the Kisana Defendants' repeated defiance of the orders issued in this case, the court has little difficulty concluding that the Kisana Defendants' repeated failures to comply have been willful and intentional—regardless of their proffered explanation of their reasons for choosing not to comply. And given the nature and extent of the Kisana Defendants' misconduct, the belated offer of an apology simply will not do. The court overrules the tenth objection as well.

V.

The Kisana Defendants' eleventh objection is that Judge Bennett "did not consider Kisana's arguments regarding the efficacy of lesser sanctions." Dkt. No. 553 at 7. But Judge Bennett discussed at length why lesser sanctions would not suffice to address the flagrant misconduct at issue here, and the court agrees with his analysis. There can be no dispute that Rule 37(b) authorizes the court to "render[] a default judgment" against a "disobedient party" that "fails to obey an order to provide or permit discovery," and that Rule 16(f) authorizes the same remedy against a party that "fails to obey a scheduling or other pretrial order." And in light of the Kisana Defendants' repeated defiance of multiple orders throughout the course of this litigation despite warnings and even findings of civil contempt accompanied by monetary penalties and bench warrants, the court has little difficulty concluding that no lesser sanction than default judgment is appropriate here. The court accordingly overrules the Kisana Defendants' eleventh objection.

VI.

The Kisana Defendants' twelfth objection is that Judge Bennett's "finding of criminal contempt is erroneous" because their "conduct on the merits does not come close to justifying an order of summary criminal contempt." Dkt. No. 553 at 7. Judge Bennett, however, does not recommend that this court issue an order of summary criminal contempt or otherwise hold the Kisana Defendants in criminal contempt at this time. Rather, he recommends that "[t]his matter be referred to the United States Attorney's Office for the District of Utah for investigation and possible criminal prosecution." Dkt. No. 550 at 27. Given the egregious nature of the Kisana Defendants' conduct both before and during this litigation, the court sees no error in this recommendation. It thus overrules this objection.

VII.

The Kisana Defendants' final objection is that Judge Bennett's denial of oral argument on the motion for terminating sanctions was "fundamentally unfair and a violation of Due Process." Dkt. No. 553 at 10. The court is unaware of any statute, rule, or binding precedent that would require a hearing on this motion, however. Indeed, this court's local rules state that "requests for oral arguments on motions will be granted on *good cause shown*, . . . [o]therwise, motions are to be submitted to and will be determined by the court on the basis of the written memoranda of the parties." DUCivR 7-1(f) (emphasis added). Furthermore, the Kisana Defendants' misconduct throughout this litigation has already necessitated multiple hearings. The court sees little need for yet another. This objection is overruled.

VIII.

The court next turns to the objections filed by the Diglisic Defendants—276 Metro, Commercial Fleet Sales and Service, Eldin Diglisic, and ShipEx. *See* Dkt. No. 551. These

Defendants "object to any recommendation in the Report or any other determination based on the Report that would purport to be binding on any of the Diglisic Defendants." Dkt. No. 551 at 2. And they represent that "Plaintiff is not taking the position that the Diglisic Defendants will be bound by the Report." *Id.* The court agrees that Judge Bennett's Report and Recommendations—and this order as well—apply only to the Kisana Defendants.

\*   \*   \*

The court accordingly **OVERRULES** Dkt. No. 553, the Kisana Defendants' Objections to the Report and Recommendations, and **ADOPTS** Dkt. No. 550, Report and Recommendations to the extent it is consistent with this memorandum decision and order.

**IT IS HEREBY ORDERED THAT**:

1. AAAG's Motion for Terminating Sanctions against the Kisana Defendants is **GRANTED**.

2. Default judgment will be entered in favor of AAAG and against the Kisana Defendants on Counts 1–7 and 9–13 of AAAG's Fourth Amended Complaint, *see* Dkt. No. 358, and on all of the of the Kisana Defendants' counterclaims against AAAG.

3. AAAG is awarded monetary damages in the amount of $1,973,163.00 for which the Kisana Defendants shall be jointly and severally liable.

4. The court will award AAAG equitable relief against the Kisana Defendants that is consistent with AAAG's prayer for relief, including, but not necessarily limited to, a constructive trust over the cars that are the subject matter of this suit and any proceeds from the Kisana Defendants' sale of this property and/or an equitable lien on any proceeds from the sale of this property. If appropriate, the constructive

trust may be administered by the Receiver. No later than June 25, 2021, AAAG shall propose a specific order detailing the equitable relief that it believes is appropriate based on this court's determination that default judgment is warranted. The Receiver and the Kisana Defendants may respond to this proposed order no later than July 9, 2021.

5. The court will award AAAG the reasonable expenses, including attorney fees, that it has incurred in prosecuting this action against the Kisana Defendants. No later than June 25, 2021, AAAG shall file a declaration and supporting materials detailing these expenses. The Kisana Defendants may file a response to this declaration by July 9, 2021.

6. The court will refer this matter to the United States Attorney's Office for the District of Utah for investigation and possible criminal prosecution.

DATED this 10th day of June, 2021.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge